## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

-------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| HO WAN KWOK, *et al.*,[1] | Case No. 22-50073 (JAM) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------------x

| | |
|---|---|
| LUC A. DESPINS, CHAPTER 11 TRUSTEE, | |
| Plaintiff, | Adv. Proceeding No. 24-05020 |
| v. | |
| SLAUGHTER LAW GROUP P.C., | |
| Defendant. | |

-------------------------------------------------------------------x

### REQUEST OF CHAPTER 11 TRUSTEE FOR ENTRY OF DEFAULT AGAINST SLAUGHTER LAW GROUP P.C. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055

Plaintiff Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), individual debtor in the above-captioned jointly administered cases (collectively, the "Chapter 11 Cases"), respectfully moves this Court (the "Motion") for the entry of default against defendant Slaughter Law Group P.C. (the "Defaulting

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

Defendant"). Attached as **Exhibit A** is the *Declaration of James C. Graham in Support of Request for Entry of Default*. Attached as **Exhibit B** is a proposed form of entry of default.

The Trustee represents that the time limit for appearing in the adversary complaint [Adv. Proc. Docket No. 1] (the "Complaint") served upon the Defaulting Defendant has passed and that the Defaulting Defendant has failed to respond to the Trustee's Complaint as required by Rule 12 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Trustee, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 7055-1 of the Local Rules of Bankruptcy Procedure for the District of Connecticut, respectfully requests that the Clerk of the Bankruptcy Court for the District of Connecticut enter default against the Defaulting Defendant for failure to appear and plead.

Dated: July 3, 2024          LUC A. DESPINS, CHAPTER 11 TRUSTEE
New Haven, CT

By: */s/ James C. Graham*
    Patrick R. Linsey (ct29437)
    James C. Graham (ct06064)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    plinsey@npmlaw.com
    jgraham@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

# **EXHIBIT A TO REQUEST FOR ENTRY OF DEFAULT**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| HO WAN KWOK, *et al.*,[1] | : | Case No. 22-50073 (JAM) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------x

| | | |
|---|---|---|
| LUC A. DESPINS, CHAPTER 11 | : | |
| TRUSTEE, | : | |
| | : | Adv. Proceeding No. 24-05020 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| | : | |
| SLAUGHTER LAW GROUP, P.C., | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------------x

**DECLARATION OF JAMES C. GRAHAM IN SUPPORT OF REQUEST OF CHAPTER 11**
**TRUSTEE FOR ENTRY OF DEFAULT AGAINST SLAUGHTER LAW GROUP, P.C. TO**
**FEDERAL RULE OF CIVIL PROCEDURE 55(a) AND FEDERAL RULE OF**
**BANKRUPTCY PROCEDURE 7055**

I, James C. Graham, declare:

1.     I am a partner at the law firm of Neubert, Pepe & Monteith, P.C., 195 Church Street,

12th Floor, New Haven, Connecticut 06510 and counsel for Luc A. Despins, in his capacity as the

chapter 11 trustee (the "Trustee") for the estate of Ho Wan Kwok (the "Debtor"), individual debtor

in the above-captioned jointly administered cases (collectively, the "Chapter 11 Cases").

---

[1]     The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

2.  I respectfully submit this declaration based upon personal knowledge and my review of relevant documents in support of the Trustee's request for entry of default by the Clerk of the Bankruptcy Court for the District of Connecticut (the "Clerk of the Court") in the above-captioned adversary proceeding, in accordance with Rule 7055 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7055-1 of the Local Rules of Bankruptcy Procedure for the District of Connecticut, against defendant Slaughter Law Group P.C. (the "Defaulting Defendant").

3.  On February 9, 2024, the Trustee commenced this adversary proceeding by filing an adversary complaint [Adv. Proc. Docket No. 1] (the "Complaint")[2] against the Defaulting Defendant.

4.  On February 13, 2024, the Clerk of the Court issued a *Summons in an Adversary Proceeding* [Adv. Proc. Docket No. 3] (the "Summons").[3]

5.  On February 16, 2024, the Trustee filed the Notice of Applicability of Avoidance Action Procedures [Adv. Proc. ECF No. 4] (the "Procedures Notice").

6.  On February 20, 2024, my law firm caused the Summons and Complaint and Procedures Notice (the "Served Documents") to be served by first-class U.S. first class mail, postage pre-paid, and by UPS overnight delivery addressed to (i) Slaughter Law Group P.C., Lesa A. Slaughter, CEO, Secretary and CFO, 4881 Topanga Canyon Blvd., Suite 238, Woodland Hills CA 91364 and (ii) Slaughter Law Group P.C., c/o CT Corporation System, 330 N Brand Blvd. Glendale CA 91203. The foregoing is memorialized in the Trustee's *Certificate of Service*

---

[2]  A copy of the Complaint is annexed to this declaration as **Exhibit 1**.

[3]  A copy of the Summons is annexed to this declaration as **Exhibit 2**.

2

*Regarding Summons and Adversary Complaint* [Adv. Proc. Docket No. 8] (the "Certificate of Service").[4]

7.      On the basis of the above, the Trustee submits that the Defaulting Defendant was properly served with the Summons and Complaint.

8.      Pursuant to the Summons, the answer deadline for the Defaulting Defendant was April 22, 2024.

9.      The Defaulting Defendant has not appeared in the action.

10.     The Defaulting Defendant has not responded to the Complaint or otherwise defended this adversary proceeding.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed on July 2, 2024  at New Haven CT.

*/s/ James C. Graham*
James C. Graham
NEUBERT, PEPE & MONTEITH, P.C.

---

[4]    A copy of the Certificate of Service is annexed to this declaration as **Exhibit 3**.

Exhibit 1 to Declaration of James C. Graham

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Luc A. Despins, Chapter 11 Trustee | DEFENDANTS<br>Slaughter Law Group, PC |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Douglas S. Skalka, Patrick R. Linsey<br>Neubert, Pepe & Monteith, P.C.<br>195 Church Street, 13 Floor, New Haven, CT 06510<br>203-781-2847 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint of Chapter 11 Trustee seeking avoidance and recovery of fraudulent transfers and related relief pursuant to Bankruptcy Code Sections 544, 548, and 550 and New York Debtor and Creditor Law Sections 273, 274, and 276

---

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
     actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
     if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

B1040 (FORM 1040) (12/15)

<table>
<tr><td colspan="3" align="center"><strong>BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES</strong></td></tr>
<tr><td colspan="2">NAME OF DEBTOR<br>Ho Wan Kwok</td><td colspan="1">BANKRUPTCY CASE NO.<br>22-50073</td></tr>
<tr><td colspan="2">DISTRICT IN WHICH CASE IS PENDING<br>Connecticut</td><td>DIVISION OFFICE<br>Bridgeport</td></tr>
</table>

<table>
<tr><td colspan="3"></td><td>NAME OF JUDGE<br>Julie A. Manning</td></tr>
</table>

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Ho Wan Kwok | BANKRUPTCY CASE NO.<br>22-50073 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | DIVISION OFFICE<br>Bridgeport | NAME OF JUDGE<br>Julie A. Manning |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)
/s/ Patrick R. Linsey

| DATE<br>February 9, 2024 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Patrick R. Linsey |
|---|---|

## INSTRUCTIONS

      The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

      A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

      The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

------------------------------------------------------

In re:

HO WAN KWOK, *et al.*,[1]

          Debtors.

------------------------------------------------------

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

          Plaintiff,

v.

SLAUGHTER LAW GROUP, PC,

          Defendant.

------------------------------------------------------

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Adv. Proceeding No. [_____]

February 9, 2024

## COMPLAINT OF CHAPTER 11 TRUSTEE SEEKING AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS AND RELATED RELIEF PURSUANT TO BANKRUPTCY CODE SECTIONS 544, 548, AND 550 AND NEW YORK DEBTOR & CREDITOR LAW SECTIONS 273, 274, AND 276

Luc A. Despins, in his capacity as the chapter 11 trustee (the "Trustee") appointed in the

chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the "Debtor" or "Kwok"), files this

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

1

adversary complaint (the "Complaint") against defendant Slaughter Law Group, PC (the "Defendant"), stating as follows:

## NATURE OF ACTION

1.      The Trustee commences this adversary proceeding to avoid and recover transfers of the Debtor's property prior to the commencement of this Chapter 11 Case.

2.      The Debtor, through his alter-ego shell company, Leading Shine NY Ltd ("Leading Shine"), transferred funds in the amount of $103,806.25 prior to the Petition Date (as defined herein) to the Defendant as initial transferee.

3.      These transfers were actually fraudulent, because the Debtor effectuated them as part of his "shell game," and they were made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b).

5.      This adversary proceeding has been referred to this Court pursuant to 28 U.S.C. §157(a).

6.      The statutory predicates for the relief sought herein include sections 544, 548 and 550 of Title 11 of the United States Code (the "Bankruptcy Code") and New York Debtor & Creditor Law sections 273, 274, and 276 [2] or any other applicable state law equivalents.

---

[2]    All statutory references to New York Debtor and Creditor Law will hereinafter be referred to as "N.Y. Debt. & Cred. Law". The New York Uniform Voidable Transactions Act ("NYUVT") replaced the New York Uniform Fraudulent Conveyance Act ("NYUFC") and became effective on April 4, 2020 and applies to transfers made or obligations incurred on or after April 4, 2020. With respect to transfers prior to April 4, 2020, the Trustee seeks relief in this action under the NYUFC and N.Y. Debt. & Cred. Law sections 273, 273a, 275, 276 and 278.

2

## THE PARTIES

7.     The Trustee is the chapter 11 trustee in the Chapter 11 Case pursuant to the Bankruptcy Court's order entered on July 8, 2022 [Case No. 22-50073 (the "Main Case") Docket No. 523].

8.     The Defendant is a California professional corporation with an address at 4881 Topanga Canyon Blvd, Suite 238, Woodland Hills, California 91364.

## FACTS

**A.**    **Chapter 11 Case**

9.     The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 15, 2022 (the "Petition Date") in the United States Bankruptcy Court for the District of Connecticut (the "Court" or "Bankruptcy Court"), thus commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

10.     On March 21, 2002, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors in this Chapter 11 Case. No examiner has been appointed.

11.     The Debtor's bankruptcy schedules, filed in March 2022 with the Bankruptcy Court, claimed that he owned $3,850 in assets and had incurred hundreds of millions of dollars of liabilities.[3] While the Debtor was, indeed, deeply indebted, his schedules failed to disclose the Debtor's property as held and transferred through his many alter-ego shell companies, including Leading Shine.

12.     On June 15, 2022, the Court entered a memorandum of decision and order [Main Case Docket No. 465] directing the United States Trustee to appoint a chapter 11 trustee in the

---

[3] Schedule of Assets and Liabilities, at 1 (Main Case, Docket No. 78).

Chapter 11 Case. Pursuant to this order, the United States Trustee selected Luc A. Despins as the Trustee. On July 8, 2022, the Court entered an order granting the appointment of Luc A. Despins as the Trustee in the Chapter 11 Case [Main Case Docket No. 523].

**B.     Debtor's Use of Shell Companies and Trustee's Adversary Proceedings**

13.     Leading Shine is one of the numerous alter-ego shell companies used by the Debtor to hinder, delay and/or defraud his creditors.[4]  For years, the Debtor has orchestrated a "shell game," employing a convoluted web of shell companies, nominally owned by family members and/or known subordinates, but in reality, controlled by the Debtor.  This shell game enabled the Debtor to use and spend and/or transfer millions of dollars of cash and other assets while concealing his property from creditors.

14.     Since his appointment, the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case to, among other things, establish that the Debtor's shell companies were his alter-egos and/or that such companies and their assets were equitably owned by the Debtor and in several the Bankruptcy Court has already granted such relief.[5]

---

[4]     Default has entered against Leading Shine in the adversary proceeding *Despins v. Lamp Capital LLC, et al.* (Adv. Proc. No. 23-5023 (the "Lamp Capital A.P."), Docket No. 13), which adversary proceeding seeks, among other things, a declaratory judgment that Leading Shine was the alter ego of the Debtor.  The Trustee incorporates by reference herein, the Trustee's Complaint filed in the Lamp Capital A.P. (Adv. Proc. No. 23-5023, Docket No. 1).

[5]     These include the following adversary proceedings: (i) *Luc A. Despins, Chapter 11 Trustee v. HK International Funds Investments (USA) Limited, LLC, et al.* [Adv. Proc. No. 22-05003]; (ii) *Luc A. Despins, Chapter 11 Trustee v. Greenwich Land LLC, et al.* [Adv. Proc. No. 23-05005]; (iii) *Luc A. Despins, Chapter 11 Trustee v. Mei Guo* [Adv. Proc. No. 23-05008]; (iv) *Luc A. Despins, Chapter 11 Trustee v. HCHK Technologies, Inc., et al.* [Adv. Proc. No. 23-05013]; (v) *Luc A. Despins, Chapter 11 Trustee v. Taurus Fund LLC, et al.* [Adv. Proc. No. 23-05017]; (vi) *Luc A. Despins, Chapter 11 Trustee v. Golden Spring (New York) Limited* [Adv. Proc. 23-05018]; and (vii) *Luc A. Despins, Chapter 11 Trustee v. Lamp Capital LLC, et al.* [Adv. Proc. 23-05023].

15. The fact patterns in these litigations consistently involve: (i) Debtor-controlled shell companies held by close family members and/or subordinates, (ii) assets purchased with cash from other Debtor-controlled entities and/or transferred to and among shell entities for no consideration, and (iii) the Debtor benefiting from and having control and dominion over such assets.

## C. **Debtor's Conduct to Hinder, Delay and/or Defraud Creditors**

16. In addition to the matters addressed in the Trustee's adversary proceedings, the Bankruptcy Court has found that the Debtor was the beneficial owner of Ace Decade Limited (and through it, Dawn State Limited) and that the Debtor controlled and employed Ace Decade Limited's nominee shareholder, Yvette Wang.[6]

17. The Bankruptcy Court has also found that the "G Entities" (Gettr, G Fashion, G Music, GClubs, GNews and GEdu), the New Federal State of China and the Rule of Law Foundation, as well as other purportedly independent entities and organizations, were controlled by the Debtor,[7] led by the Debtor[8] and/or served "the purposes of... and as business vehicles of" the Debtor.[9]

18. Prior to the Petition Date, Judge Liman of the United States District Court for the Southern District of New York found that Eastern Profit Corporation Limited, an entity originally

---

[6] *Order Granting Motion to Hold Debtor in Contempt of Corporate Governance Order,* para.1, 4 (Jan. 24, 2023, Docket No. 1372 ("Corp. Governance Contempt Order").

[7] *Corrected Memorandum of Decision Granting in Part Motion for Preliminary Injunction,* para. 3 (Adv. Proc. No. 22-05032, January 13, 2023 ("The Debtor also controls Saraca Media Group and a related entity 'GTV'").

[8] *Id.* at para. 7 ("The Debtor is the leader of The Whistleblower Movement, NFSC, ROLF and Himalaya.").

[9] *Id.* ("The Whistleblower Movement, NFSC, ROLF, GSeries, and Himalaya serve the purposes of the Debtor, serve as business vehicles for the Debtor, and their members are personally loyal to the Debtor.").

owned by one of Debtor's chauffeurs before its transfer to Debtor's daughter, was "in essence, a shell corporation" for the Debtor.[10]

19.     The Debtor has gone to great lengths to hinder and delay the collection efforts of one of his largest creditors, i.e., Pacific Alliance Asia Opportunity Fund, L.P. ("PAX"). In 2017, PAX sued the Debtor in the Supreme Court of the State of New York (the "New York Court"), Index No. 652077/2017 (the "PAX Case"), seeking judgment for monies owed. On February 3, 2021, PAX obtained a judgment from the New York Court against the Debtor in the sum of $116,402,019.57 (the "PAX Judgment"). PAX sought to enforce the PAX Judgment by levying the Debtor's assets—including the Lady May, which the Debtor falsely claimed was owned by his daughter, and the Debtor's luxury apartment in Manhattan, which the Debtor falsely claimed was held in trust for the Debtor's son. The Debtor's defiance of New York Court orders in post-judgment proceedings eventually resulted in the Debtor incurring contempt penalties of $134 million.

20.     The Debtor also used his alter egos, including Leading Shine, as personal piggy-banks, funding the lavish lifestyle to which he and his family had become accustomed, while concealing assets in these alter egos from his creditors and hindering and delaying creditors from recoveries on their claims. The transfers that the Debtor effectuated through these alter egos perpetuated the Debtor's fraudulent scheme.

---

[10]     *Eastern Profit Corp. Ltd. v. Strategic Vision US LLC*, No. 18-CV-2185 (LJL) 2021 WL 2554631, at *1 (S.D.N.Y. June 22, 2021).

21.     The Debtor has testified before the Bankruptcy Court that he has insufficient assets to pay his liabilities and that his luxurious lifestyle is funded by his family through businesses nominally held by family members.[11]  The Debtor scheduled only $3,850 in assets.[12]

22.     In March 2023, the Debtor was arrested and remains confined pending his on federal criminal charges of, among other things, wire fraud, securities fraud, and money laundering.

23.     In its criminal indictment of the Debtor, the United States Government asserts that the Debtor and his co-defendants "utilized more than approximately 500 accounts held in the names of *at least 80 different entities or individuals* to launder more than $1 billion in fraud proceeds."[13]

24.     The property of the Debtor's alter egos, including Leading Shine, was at all times prior to the Petition Date property of the Debtor.

25.     At all times relevant herein, the Debtor conducted business in New York, New York, including direction of the Transfers.

**D.     Transfers Made with Intent to Hinder, Delay, or Defraud Creditors**

26.     The Transfers at issue in this Complaint were made with the intent to hinder, delay, and/or defraud the Debtor's creditors inasmuch as they were all made through the Debtor's alter-ego shell companies operated as a part of the Debtor's shell game.

---

[11]   Hearing on Debtor's Motion for Entry of Interim and Final DIP Orders (I) Authorizing the Debtor to Obtain Unsecured, Subordinated Postpetition Financing and (II) Scheduling Interim and Final Hearings, and (III) Granting Related Relief (Main Case, April 27, 2022)

[12]   *See* n.3

[13]   See Memorandum of Law of the United States of America in Opposition to Defendant Yanping Wang's Motion for Pretrial Release at 29, attached as Exhibit B in the Reply of Chapter 11 Trustee to G Club Operations LLC's Supplemental Objection to Trustee's Motion to Compel and Request for Related Relief (June 23, 2023, Main Case Docket No. 1934).

27.     The Debtor intentionally orchestrated his financial affairs in this manner in order to conceal and dissipate millions of dollars in assets while falsely pleading poverty to his many creditors. The Debtor claimed to be destitute while simultaneously spending heavily to maintain a billionaire lifestyle for himself and for his family members and close associates.

28.     The assets concealed and dissipated by the Debtor included funds that he obtained from the victims of his cryptocurrency, securities, and other fraud schemes. As a result of this conduct, the Debtor faces multiple felony fraud, money laundering, and racketeering charges in a criminal case pending in the U.S. District Court for the Southern District of New York. *See United States v. Ho Wan Kwok*, case no. 1:23-cr-00118-AT [ECF No. 215] (Jan. 3, 2024 S.D.N.Y.).

29.     The Debtor knew and intended that by concealing and dissipating his assets in this manner there would not be sufficient assets remaining to repay his creditors—including the many victims of his frauds. These transfers were thus necessarily made with the intent to hinder, delay, and/or defraud the Debtor's creditors.

**E.     Transfers to the Defendant**

30.     Prior to the Petition Date, the Debtor, through shell companies including Leading Shine, or otherwise, transferred the Debtor's property to the Defendant (collectively, the "Transfers"), including, without limitation, as follows:

See **SCHEDULE A** attached hereto and made a part hereof.

31.     At the time of the Transfers, the Debtor had outstanding obligations to creditors of the Debtor's estate.

32.     The Defendant was the initial transferee of the Transfers.

8

## FIRST CLAIM

### (Claim to Avoid and Recover Actual Fraudulent Transfers Pursuant to Bankruptcy Code §§ 548(a)(1)(A) and 550(a))

33.     The Trustee repeats and realleges the allegations contained in paragraphs 1-32 as if fully set forth herein.

34.     The Transfers were made by the Debtor through his alter ego, Leading Shine, with the actual intent to hinder, delay, and/or defraud his creditors.

35.     The Debtor's intent to hinder, delay, or and/or defraud his creditors in effectuating the Transfers is shown by, among other things:

      a.     The Transfers were effectuated using an alter-ego shell company;

      b.     The Transfers were concealed from the Debtor's creditors;

      c.     The Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

      d.     The Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

      e.     The Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

      f.     At the time of the Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

      g.     At the time of the Transfers, the Debtor was insolvent or undercapitalized.

9

36. The Transfers are avoidable by the Trustee pursuant to Section 548(a)(i)(A) of the Bankruptcy Code and are recoverable pursuant to Section 550(a) of the Bankruptcy Code.

## SECOND CLAIM

**(Claim to Avoid and Recover Actual Fraudulent Transfers pursuant to N.Y. Debt. & Cred. Law sections 273, 274, and 276, and Bankruptcy Code sections 544(b) and 550(a))**

37. The Trustee repeats and realleges the allegations contained in paragraphs 1-32 as if fully set forth herein.

38. The Transfers were made by the Debtor, through his alter ego company, Leading Shine, with the actual intent to hinder, delay, and/or defraud his creditors.

39. The Debtor's intent to hinder, delay, and/or defraud his creditors in effectuating the Transfers is shown by, among other things:

    a. The Transfers were effectuated using an alter-ego shell company;

    b. The Transfers were concealed from the Debtor's creditors;

    c. The Transfers were effectuated as part of the Debtor's "shell game" with the aid of the Debtor's family members and other lieutenants and subordinates that he controlled in an effort to conceal and shield assets;

    d. The Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to benefit from his fraud without subjecting his property to the reach of his creditors;

    e. The Transfers furthered the Debtor's fraudulent conduct by enabling the Debtor to profit from his fraud without subjecting his property to the reach of his creditors;

    f. At the time of the Transfers, the Debtor was being sued, including by PAX in the PAX Case; and

10

g. At the time of the Transfers, the Debtor was insolvent or undercapitalized.

40. The Transfers are avoidable by the Trustee pursuant to N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and section 544(b) of the Bankruptcy Code and recoverable pursuant to section 550(a) of the Bankruptcy Code.

*[THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK.]*

## **PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that judgment be entered as follows:

1.     On the First Claim, (a) an order declaring that the Transfers in an amount not less than $103,806.25 are avoided pursuant to Section 548(a)(1)(A) of the Bankruptcy Code; (b) an order directing that the Transfers be set aside; and (c) recovery of the Transfers or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to Section 550(a)(1) of the Bankruptcy Code;

2.     On the Second Claim, (a) an order declaring that the Transfers in an amount not less than $103,806.25 are avoided pursuant to section 544 (b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276, and, with respect to transfers prior to April 4, 2020, N.Y. Deb. & Cred. Law sections 273, 273a, 275, 276 and 278; (b) an order directing that the Transfers be set aside; and (c) recovery of the Transfers, or the value thereof at the Trustee's option, from the Defendant for the benefit of the Debtor's estate pursuant to N.Y. Debt. & Cred. Law section 276 and section 550(a)(1) of the Bankruptcy Code;

3.     Awarding the Trustee pre-judgment interest at the maximum legal rate from the date of the filing of this Complaint to the date of judgment herein; and

4.     Such other and further relief as the Court may deem just, proper, or equitable under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

12

Dated: February 9, 2024          LUC A. DESPINS
      New Haven, CT           CHAPTER 11 TRUSTEE


By: */s/ Patrick R. Linsey*
    Douglas S. Skalka (ct00616)
    Patrick R. Linsey (ct29437)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 781-2847
    dskalka@npmlaw.com
    plinsey@npmlaw.com
    *Counsel for the Chapter 11 Trustee*

13

**SCHEDULE A**

**FILED UNDER SEAL**

Exhibit 2 to Declaration of James C. Graham

# United States Bankruptcy Court

### District of Connecticut



In re:

HO WAN KWOK, *et al.,* [1]

Debtors

Case Number: 22-50073

Chapter: 11
(Jointly Administered)

Luc A. Despins, Chapter 11 Trustee,
Plaintiff,

v.

Slaughter Law Group, PC
Defendant(s)

Adversary Proceeding
No: 24-05020 (JAM)

## SUMMONS IN AN ADVERSARY PROCEEDING

**To the Plaintiff:**

In accordance with Fed. R. Bankr. P. 7004(e), on or before **February 20, 2024**, you must serve this Summons and a copy of the Complaint filed on February 9, 2024, on all Defendants in accordance with Fed. R. Bankr. P. 7004(a) or (b), except any Defendants to be served in a foreign country.

If service is made on any named Defendants in a foreign country, you must serve this Summons and a copy of the Complaint filed on February 9, 2024, on all such named Defendants in accordance with Fed. R. Civ. P. 4(f), (h), and (j), made applicable by Fed. R. Bankr. P. 7004(a)(1).

You must also complete the attached Certificate of Service of Process and file the completed Certificate with the Bankruptcy Court electronically or at the address listed on the second page of this Summons.

**To the Defendant(s):**

YOU ARE SUMMONED and, if you are a Defendant properly served with this Summons and the Complaint in accordance with the instruction above and applicable rules within a judicial district of the United States, pursuant to Fed. R. Bankr. P. 7012(a), you are required to file, electronically or with the Clerk of the Bankruptcy Court at the address in this Summons, a motion or answer to the Complaint on or before 60 days from the service of this Summons.

If you are a Defendant served with this Summons and the Complaint in a foreign country, you are required to file, electronically or with the Clerk of the Bankruptcy Court at the address in this Summons, a motion or answer to the Complaint within 60 days from proper service of the Summons and Complaint, unless the Court orders a different deadline to file a motion or answer to the Complaint upon motion made pursuant to Fed. R. Bankr. P. 7012(a).

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

At the same time, you must also serve a copy of the motion or answer upon the Plaintiff's attorney:

| |
|---|
| Patrick R. Linsey, Esq. |
| Neubert Pepe & Monteith, P.C. |
| 195 Church St |
| 13th Floor |
| New Haven, CT 06510 |

If you make a motion under Fed. R. Bankr. P. 7012, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Dated: **February 13, 2024**

Pietro Cicolini
Clerk of Court

United States Bankruptcy Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

## CERTIFICATE OF SERVICE OF PROCESS

**Adv. Pro. Number: 24-05020 (JAM)**

I, _____, certify that service of this Summons and a
      (name)
copy of the complaint was made on _____by (*check one below*):
                                    (date)

☐       **Mail service**: Regular, First-Class United States mail, postage fully pre–paid, addressed to:

☐       **Personal Service**: By leaving the process with defendant or with an officer or agent of defendant at:

☐       **Residence Service**: By leaving the process with the following adult at:

☐       **Certified Mail Service on an Insured Depository Institution**: By sending the process by certified mail addressed to the following officer of the defendant at:

☐       **Publication**: The defendant was served as follows:

☐       **State Law**: The defendant was served pursuant to the laws of the State of _____, as follows:

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

_____      _____
Date                            Signature

                               _____
                               Print Name

                               _____
                               Business Address

                               _____
                               City, State, Zip

Exhibit 3 to Declaration of James C. Graham

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

-------------------------------------------------------------x
                                 :

In re:                              :    Chapter 11

                                   :

HO WAN KWOK, *et al.*,[1]            :    Case No. 22-50073 (JAM)

                                   :

             Debtors.            :    (Jointly Administered)

                                   :

-------------------------------------------------------------x
                                   :

LUC A. DESPINS, CHAPTER 11       :
TRUSTEE,                        :

                                   :    Adv. Proceeding No. 24-05020 (JAM)
           Plaintiff,          :
v.                                 :

                                   :

SLAUGHTER LAW GROUP, PC,       :

                                   :

           Defendant.        :

-------------------------------------------------------------x


**CERTIFICATE OF SERVICE REGARDING SUMMONS, COMPLAINT, AND NOTICE
OF APPLICABILITY OF AVOIDANCE ACTION PROCEDURES**

On February 9, 2024, Luc A. Despins, in his capacity as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case (the "Chapter 11 Case") of Ho Wan Kwok (the

"Debtor"), filed his *Adversary Complaint* and certain exhibits thereto [Adv. Proc. ECF No. 1]

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

(collectively, the "Complaint") using the Court's case management/electronic case files system ("CM/ECF").

On February 13, 2024, the *Summons* [Adv. Proc. ECF. No. 3] (the "Summons") was filed via CM/ECF.

On February 16, 2024, the Trustee filed the *Notice of Applicability of Avoidance Action Procedures* [Adv. Proc. ECF No. 4] (the "Procedures Notice" and, together with the Complaint, and the Summons, collectively, the "Served Documents") via CM/ECF.

On February 20, 2024, I caused the Served Documents to be sent via first-class U.S. Mail and via UPS or Federal Express overnight delivery to defendant Slaughter Law Group, PC, at the following address(es):

> Slaughter Law Group PC
> Lesa A. Slaughter, CEO, Secretary, CFO
> 4881 Topanga Canyon Boulevard, Suite #238
> Woodland Hills, CA 91364
>
> Slaughter Law Group PC
> c/o C T Corporation System
> 330 N. Brand Blvd
> Glendale, CA 91203

Dated: March 28, 2024      LUC A. DESPINS,
New Haven, Connecticut      CHAPTER 11 TRUSTEE

> */s/ Patrick R. Linsey*
> Patrick R. Linsey (ct29437)
> NEUBERT, PEPE & MONTEITH, P.C.
> 195 Church Street, 13th Floor
> New Haven, Connecticut 06510
> (203) 781-2847
> plinsey@npmlaw.com
>
> *Counsel for the Chapter 11 Trustee*

# EXHIBIT B TO REQUEST FOR ENTRY OF DEFAULT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------x
:
In re:                                        :      Chapter 11
:
HO WAN KWOK, *et al.*,                         :      Case No. 22-50073 (JAM)
:
                    Debtors.                   :      (Jointly Administered)
:
---------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11                     :
TRUSTEE,                                       :
:      Adv. Proceeding No. 24-05020
                    Plaintiff,                 :
v.                                             :
:
:
SLAUGHTER LAW GROUP, P.C.,                     :
:
:
                    Defendant.            x
---------------------------------------------------------------

**[PROPOSED] ENTRY OF DEFAULT**

It appears from the record that defendant Slaughter Law Group, P.C. (the " Defaulting

Defendant") has failed to plead or otherwise defend in this case as required by law.

Therefore, default is entered against the Defaulting Defendant as authorized by Rule

7055 of the Federal Rules of Bankruptcy Procedure.

Dated:        _____


                              _____
                              Pietro Cicolini
                              Clerk of Court

## CERTIFICATE OF SERVICE REGARDING
## REQUEST FOR CLERKS ENTRY OF DEFAULT

The undersigned hereby certifies that on July 3, 2024, the foregoing was filed electronically using the Court's case management/electronic case files system ("CM/ECF"). Notice of the foregoing document was sent at the time of filing to all parties appearing in the above-captioned adversary proceeding automatically via email operation of CM/ECF.

In addition, on July 3, 2024 the foregoing was sent via U.S. first class mail to the Defaulting Defendant at the following address(es):

> Slaughter Law Group PC
> Lesa A. Slaughter, CEO, Secretary, CFO
> 4881 Topanga Canyon Boulevard, Suite #238
> Woodland Hills, CA 91364
>
> Slaughter Law Group PC
> c/o C T Corporation System
> 330 N. Brand Blvd
> Glendale, CA 91203
>
> Slaughter Law Group P.C.
> Lesa A. Slaughter, CEO, Secretary and CFO
> 49443 Biery St.
> Indio, CA 92201

Dated: July 3, 2024                          LUC A. DESPINS,
       New Haven, Connecticut                CHAPTER 11 TRUSTEE

                                             */s/ James C. Graham*
                                             James C. Graham (ct06064)
                                             NEUBERT, PEPE & MONTEITH, P.C.
                                             195 Church Street, 13th Floor
                                             New Haven, Connecticut 06510
                                             (203) 781-2889
                                             jgraham@npmlaw.com

                                             *Counsel for the Chapter 11 Trustee*